IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRISTOPHER M. DEIOTTE,        §
TDCJ #1422318,                 §
                               §
          Petitioner,          §
                               §
v.                             §          CIVIL ACTION NO. H-08-0973
                               §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice - §
Correctional Institutions Division,    §
          Respondent.          §

## MEMORANDUM AND ORDER

State inmate Christopher M. Deiotte (TDCJ #1422318) seeks a federal writ of habeas corpus under 28 U.S.C. §2254, to challenge his state court conviction on the grounds that his guilty plea was based on incorrect or inadequate information.  The respondent has filed an answer, arguing that Deiotte is not entitled to relief.  (Doc. # 7).  Deiotte has filed a response. (Doc. # 8).  After considering all of the pleadings, the state court records, and the applicable law, this Court **denies** the petition and **dismisses** this case for reasons set forth below.

## I.      BACKGROUND

Deiotte is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  In 1992, Deiotte entered the equivalent of a guilty plea (a plea of "no contest") to charges of sexual assault of a child in cause number 609927.  The 208th District Court of Harris County, Texas, found Deiotte

guilty as charged and sentenced him to serve fourteen years' imprisonment.  Deiotte reports that this sentence was discharged in 2005; he does not challenge this conviction here.

Sometime after his release from prison following his 1992 conviction for sexual assault, Deiotte was charged in cause number 1106559 with failure to comply with Texas law that required him to register as a sex offender.  *See* TEX. CODE CRIM. PROC. arts. 62.001, *et seq*.  On March 5, 2007, Deiotte waived an indictment and pleaded guilty to those charges. The 351st District Court of Harris County, Texas, admonished Deiotte of the consequences of his plea.  After determining that the plea was freely and voluntarily made, the trial court found Deiotte guilty as charged and sentenced him to serve five years in prison.

Deiotte did not file an appeal to contest his guilty plea or the sentence that he received in cause number 1106559.  Instead, Deiotte filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge his guilty plea in that case.  In that proceeding, Deiotte complained that his guilty plea was invalid because the State breached a promise that his conviction for failure to register as a sex offender would not be entered as a "3g" offense.   A 3g offense refers to the list of offenses found in Article 42.12 § 3g of the Texas Code of Criminal Procedure.  An inmate who has been convicted of an offense listed in Article 42.12 § 3g is eligible for early release on parole, but is not eligible for release on the form of parole known as mandatory supervision.[1]  Deiotte maintains that,

---

[1]     There are two ways in which a prisoner becomes eligible for early release from confinement under Texas law.  The first is by "parole" and the second is "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's
(continued...)

because he is not eligible for mandatory supervision, the State breached the plea agreement by punishing him with an "aggravated" sentence. Deiotte contends further that his counsel failed to advise him adequately about the consequences of his guilty plea. Deiotte insists, therefore, that his guilty plea is invalid because he mistakenly believed that he would be eligible for release on mandatory supervision after serving only half of his five-year sentence.

The written admonishments in the record show that Deiotte was told during the guilty plea proceeding that his conviction for failure to register as a sex offender was not among those listed in Article 42.12 § 3g. The admonishments expressly state that the conviction "is not a 3G offense and is not enhanced" for purposes of punishment. *Ex parte Deiotte*, No. 29,103-06 at 57. In an affidavit to the state habeas corpus court, Deiotte's defense counsel, Jacqueline Gifford, denied that she gave her client incorrect or inadequate advice regarding his sentence or his parole eligibility. Gifford stated that she never informed Deiotte "that his sentence would be discharged after two and one-half years." *Id.* at 40. Gifford explained

---

[1](...continued)

sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). An inmate who has a conviction that is listed or otherwise described in Article 42.12 § 3g may be eligible for parole, but is not eligible for mandatory supervision pursuant to § 508.149 of the Texas Government Code.

that she "would have no way of knowing or predicting the actions of the parole board" and, as a result, she did not tell Deiotte when he could expect to be released on parole.  *Id.*

The state habeas corpus court, which also presided over Deiotte's guilty plea proceeding in cause number 1106559, found that the facts stated in Gifford's affidavit were "true," and entered the following findings of fact:

1.    [Deiotte] fails to demonstrate that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. . . .

2.    The totality of the representation afforded [Deiotte] was sufficient to protect his right to reasonably effective assistance of counsel.

3.    [Deiotte] fails to show that his guilty plea was unlawfully induced, made involuntarily, or made without an understanding of the nature of the charge against him and the consequences of his plea.

4.    [Deiotte] fails to overcome the presumption that his guilty plea was knowing and voluntary. . . .

*See Ex parte Deiotte*, No. 29,103-06 at 45-46 (citations omitted).  Based on these findings, the state habeas corpus court concluded that Deiotte was not entitled to relief.  *See id.*  The Texas Court of Criminal Appeals agreed and denied relief, without a written order, based on the findings made by the trial court.[2]

---

[2]    Deiotte filed a second state habeas corpus application to challenge his guilty plea on September 7, 2007.  The Texas Court of Criminal Appeals dismissed that application as an abuse of the writ on January 30, 2008.  *See Ex parte Deiotte*, No. 29,103-07.

Deiotte now seeks a federal writ of habeas corpus to challenge his conviction for failure to register as a sex offender in cause number 1106559 under 28 U.S.C. § 2254. In that petition, Deiotte raises the same claims that were rejected in state court. The respondent argues that Deiotte is not entitled to relief under the federal habeas corpus standard of review. Deiotte has filed a response. The parties' contentions are addressed below under the applicable legal standard.

## II.     STANDARD OF REVIEW

Federal review of the pending habeas corpus petition is subject to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996). Embodying the principles of federalism, comity, and finality of judgments, the AEDPA "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

The federal habeas corpus statutes require applicants for relief to first present their claims in state court and to exhaust all state court remedies through proper adjudication. *See* 28 U.S.C. § 2254(b). To the extent that the petitioner's claims were adjudicated on the

5

merits in state court, the AEDPA standard applies.  For claims adjudicated on the merits, the AEDPA provides that a petitioner is not entitled to relief unless the state court's ultimate decision:

> (1)  was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2);  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (observing that the AEDPA standard is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning") (citation omitted). The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002).

Claims presenting pure questions of law and mixed questions of law and fact are governed by § 2254(d)(1).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  The Supreme Court has clarified that "clearly established Federal law" or precedent for purposes of § 2254(d)(1) "refers to the holdings, as opposed to the dicta," of decisions from the United States Supreme Court "as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  A state court decision is "contrary to" clearly established precedent if the state court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court "on a set of materially

indistinguishable facts." *Williams*, 529 U.S. at 412-13.   A state court decision is an "unreasonable application" of clearly established precedent if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case.  *Id.*

Pure questions of fact are governed by § 2254(d)(2).  *See Martin*, 246 F.3d at 475. In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)).  This deference extends not only to express findings of fact, but to the implicit findings of the state court as well.  *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

## III.   DISCUSSION

### A.   Deiotte's Guilty Plea

Deiotte pleaded guilty to charges that he failed to register as a sex offender as required by Texas law and, in exchange, he received a five-year prison sentence.  As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).  A plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal.  *See Bradshaw v. Stumpf*,

545 U.S. 175, 186 (2005). Rather, the validity of a plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of the bargain he agreed to. *See id.* (citations omitted). Thus, "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). The defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur. *See United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (citations omitted).

Deiotte contends that his guilty plea was invalid because he was told that his conviction for failure to register as a sex offender was not a § 3g offense that would prevent his early release on mandatory supervision. Deiotte complains that he was misled by the State, which promised that his sentence would be "non-aggravated" or not listed in Article 42.12 § 3g for purposes of his punishment. Because he is not eligible for mandatory supervision, Deiotte complains that his guilty plea was induced by the State's false promise of a non-aggravated sentence and that his plea was involuntary.

In this case, Deiotte apparently believes that he is not eligible for mandatory supervision as a result of his conviction for failure to register as a sex offender. Deiotte is mistaken. The respondent explains that Deiotte is ineligible for mandatory supervision, not because of his conviction for failure to register as a sex offender, but because of his prior

1992 conviction for sexual assault of a child.  A prior conviction for sexual assault is an offense listed in Article 42.12 § 3g, which makes an offender ineligible for mandatory supervision.  *See* TEX. GOV'T CODE § 508.149(a); *Ex parte Ervin*, 187 S.W.3d 386 (Tex. Crim. App. 2005) (noting that the applicant's prior conviction for sexual assault precludes his eligibility for mandatory supervision).

The record reflects that Deiotte was fully admonished about the nature of the charges against him and the consequences of his guilty plea.  The record further refutes Deiotte's claim that the State breached the plea agreement by making a false promise regarding his sentence.  As noted above, the trial court's written admonishments plainly establish that the five-year sentence Deiotte received in exchange for his guilty plea is not aggravated or otherwise characterized as an offense listed in Article 42.12 § 3g.  *See Ex parte Deiotte*, No. 29,103-06 at 57 (noting expressly that the conviction "is not a 3G offense and is not enhanced" for purposes of punishment).  Neither the trial court nor the prosecutor were required to inform Deiotte that a prior conviction could affect his future parole eligibility. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) ("The United States Constitution does not require the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary.").  Deiotte fails to show that the trial court's admonishments were incorrect or misleading in any way and he further fails to show that his guilty plea was induced by a false promise regarding his sentence.  Because Deiotte fails to establish that his guilty plea was induced by incorrect admonishments or a false promise by the prosecutor, Deiotte likewise fails to show that the state court's decision to

deny his claim was incorrect or unreasonable and he fails to establish that he is entitled to federal habeas corpus relief on this issue.

### B.    Ineffective Assistance of Counsel

Deiotte complains further that his guilty plea is invalid because his defense counsel gave him inadequate advice about his eligibility for early release on mandatory supervision. In that respect, Deiotte apparently blames his defense counsel for failing to inform him that his prior conviction from 1992 would preclude his eligibility for mandatory supervision. After considering an affidavit filed by Deiotte's defense counsel in response to these allegations, the state habeas corpus court concluded that Deiotte was correctly admonished about the consequences of his plea and that his counsel was not ineffective.  Because ineffective assistance of counsel presents a mixed question of law and fact, Deiotte must demonstrate that the state court's decision was contrary to or involved an unreasonable application of "clearly established Federal law" in order to prevail.  *See* 28 U.S.C. § 2254(d)(1); *Virgil v. Dretke*, 446 F.3d 598, 604 (5th Cir. 2006).

The Supreme Court has recognized that the Sixth Amendment guarantees criminal defendants the effective assistance of counsel at trial.  *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  To establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must satisfy the two-prong test established by *Strickland v. Washington*, 466 U.S. 668 (1984) by demonstrating both of the following: (1) that his counsel's performance was deficient; and (2) that the deficiency prejudiced his defense. Failure to prove either prong of the *Strickland* test will defeat an ineffective-assistance claim.

10

*See Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998)).

To establish deficient performance, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.   Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689).   Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined. *See Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)).   Further, to prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004).  This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995).

In this instance, Deiotte alleges that his attorney was deficient, and that he was prejudiced as a result, because she failed to give him correct advice about the effect of his conviction for failure to register as a sex offender on his eligibility for mandatory supervision. As noted above, however, Deiotte fails to show that his conviction for failure to register as a sex offender resulted in his ineligibility for mandatory supervision or that the information that he received was incorrect. In her affidavit to the state habeas corpus court, Deiotte's defense attorney explained that the only assurance he requested was that "the offense he was charged with was a 'non aggravated' offense, which it was." *Ex parte Deiotte*, No. 29,103-06 at 41. Counsel clarified further that she went over the plea papers and admonishments with Deiotte, but at no time gave any specific prediction about when he would be released on parole. *See id.*

The record supports defense counsel's assessment and the state habeas court's finding that counsel was not ineffective. The record of the guilty plea proceeding includes written admonishments, signed by Deiotte, his counsel, the prosecutor, and the trial court, which confirm that Deiotte understood the nature of the charges and the consequences of his plea. *See id.* at 50-57. The admonishments plainly show that the five-year sentence Deiotte received in exchange for his guilty plea is not aggravated or otherwise listed in Article 42.12 § 3g. *See Ex parte Deiotte*, No. 29,103-06 at 57 (noting expressly that the conviction "is not a 3G offense and is not enhanced" for purposes of punishment). Because the record shows that his attorney gave correct advice about whether the charged offense was among those

12

listed in Article 42.12 § 3g, Deiotte fails to show that his counsel was deficient in connection with the sentence that he received in exchange for his guilty plea.

To the extent that Deiotte claims further that his attorney otherwise failed to provide him with correct information about his eligibility for early release on mandatory supervision, neither the Supreme Court nor the Fifth Circuit has held that incorrect advice about parole eligibility, standing alone, is sufficient to invalidate a guilty plea. *See Czere v. Butler*, 833 F.2d 59, 63 n.6 (5th Cir. 1987) (citations omitted); *see also James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995) ("This Court has never decided whether erroneous advice by counsel regarding parole eligibility amounts to ineffective assistance of counsel."). At most, the Fifth Circuit has stated that advice which is "affirmatively erroneous" could be considered "much more objectively unreasonable" than a mere failure to inform a defendant of the "parole consequences" of his plea.[3] *James*, 56 F.3d at 667. Deiotte does not claim that he requested specific information about his release on parole or mandatory supervision and he does not

---

[3]     For example, the Fifth Circuit has also recognized that "[w]here a defendant can show that the court, the prosecutor or defense counsel induced his guilty plea by clearly and unequivocally guaranteeing a lesser sentence or some other specific leniency, the guilty plea is not voluntary unless the defendant receives that which he was promised." *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *overruled on other grounds, Glover v. United States*, 531 U.S. 198, 203 (2001). In such a case, a defendant "must generally establish that an actual promise or guarantee was made showing: (1) the exact terms of the alleged guarantee; (2) exactly when, where and by whom the guarantee was made; and (3) the identity of any eyewitness to the guarantee." *DeVille v. Whitley*, 21 F.3d at 658. Deiotte does not allege or show that the trial court, the prosecutor, or his defense counsel ever made a promise regarding the effect of his prior conviction on the length of his sentence. A guilty plea is not "rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence." *Daniel*, 283 F.3d. at 703. A guilty plea is also "not rendered involuntary because defendant's misunderstanding was based on defense counsel's inaccurate prediction that a lesser sentence would be imposed." *Id*.

allege that she gave him an incorrect estimate of his projected release.  Thus, Deiotte does not show that he received incorrect advice about his parole eligibility and he fails to establish that his counsel was deficient in this regard.

More importantly, even if Deiotte were able to show that his counsel was somehow deficient for failing to provide accurate information about his eligibility for early release from prison, he does not establish actual prejudice in this instance.  As noted previously, to establish prejudice under *Strickland*, a federal habeas corpus petitioner convicted upon his plea of guilt "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.  Significantly, Deiotte does not allege that, but for his counsel's advice, he would not have pleaded guilty and would have insisted on a trial.  As his counsel discloses in her affidavit, Deiotte never disputed his guilt and simply "wanted the least amount of time he could get[.]" *Ex parte Deiotte*, No. 29,103-06 at 41.  The range of punishment for the offense charged in this case (failure to register as a sex offender) was two to ten years in prison.  *See id*.  As a habitual offender, Deiotte faced an increased range of imprisonment from twenty-five years to life under the Texas enhanced sentencing scheme.  *See id*.  The prosecutor made an initial offer of seven years in prison. *See id*.  With assistance from his counsel, Deiotte was able to negotiate a five-year prison sentence.  *See id*.  Under these circumstances, Deiotte fails to show that he suffered the requisite actual prejudice.  For this additional reason, Deiotte fails to establish that he received ineffective assistance of counsel during his guilty plea proceeding.

14

Absent a showing that his attorney was deficient, or that he was actually prejudiced as a result, Deiotte fails to establish a valid claim for ineffective assistance of counsel. Accordingly, Deiotte fails to show that the state court's decision to deny his claim was contrary to, or involved an unreasonable application, of clearly established Supreme Court precedent. As a result, Deiotte is not entitled to federal habeas corpus relief.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.      The federal habeas corpus petition is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>August 6th</u>, 2008.

Nancy F. Atlas
United States District Judge

15